UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 1:18-CV-125-TLS |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A., and JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 6] and Motion to Amend Previous Filing [ECF No. 11]. For the reasons set forth below, the Motion to Amend Previous Filing is DENIED AS MOOT. The District Court DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis and DISMISSES the Plaintiff's complaint for lack of subject matter jurisdiction.

**BACKGROUND**

The Plaintiff, Joy Jones, has engaged in extensive litigation in Allen County Superior Court in Indiana regarding a mortgage foreclosure action. (Pl.'s Second Am. Compl. at 18, ECF No. 11). On July 19, 2018, the Allen County Superior Court issued an order granting the Defendant's summary judgment motion and decree of foreclosure. A sheriff's sale is scheduled for October 2, 2018.

The Plaintiff's issues with her mortgage began when she purchased her home in June 2003 and had insufficient time to review closing documents. (*Id.* at 9). The Plaintiff claims that

1

she was unaware of various conditions and terms that existed in these documents, that she felt compelled to sign them despite her lack of understanding, and that none of the questions she asked while she signed the documents were answered. (*Id.* at 9, 17). The Plaintiff alleges that, in the process of purchasing her home, the Defendants knowingly violated federal mortgage loan origination and disclosure laws. (*Id* at 29). The Plaintiff also claims that the Defendants committed "related racketeering activity of extortion" in failing to abide by the terms of the mortgage agreement and withheld material information regarding the Plaintiff's property taxes, which she had difficulty paying. (*Id.* at 10, 30).

The Plaintiff describes three foreclosure actions against her in Allen Superior Court, in 2008, 2010, and 2017. (*Id.* at 10, 20, 23). The Plaintiff claims that she was not in default on her mortgage at any time, contrary to the Defendants' allegations in state court. (*Id.* at 30). The Plaintiff claims that the Defendants used "mail" and "wires" to claim that she had not made her payments. (*Id.* at 33). The Plaintiff claims that the Defendants also violated federal and state consumer laws in the conversion of her payments and subsequently billing her as if she had not made payments on her mortgage. (*Id.* at 39). In doing so, the Plaintiff alleges, the Defendant has violated the Real Estate Settlement and Procedures Act 12 USC § 2601, the Fair Debt Collections Practices Act 15 U.S.C. § 1602, Truth in Lending Act 15 U.S.C. § 1601, the Fair Debt Reporting Act, the Consumer Credit Protection Act, mail fraud (18 U.S.C. § 1341), and wire fraud (18 U.S.C. § 1343). (*Id.* at 2 ¶ 40).

The Plaintiff alleges that the Defendants used the phone and mail to offer multiple loan modifications, but in each instance the Defendants withdrew or failed to fulfill their end of the loan modification, which resulted in further harm to the Plaintiff. (*Id* at 31). The Plaintiff also alleges that in the course of these activities the Defendants executed a criminal scheme and

2

engaged in racketeering activities, using phone and mail systems to defraud her in violation of RICO (42 U.S.C. §§ 1961-1966), IC § 35-45-6-2); mail fraud (18 U.S.C. § 1341), and wire fraud (18 U.S.C. § 1343) statutes. (*Id.* at 31).

The Plaintiff alleges that during foreclosure proceedings in Allen County Superior Court the Defendants devised and executed a scheme to obstruct justice through perjury by filing "different, fraudulent, conflicting and false documents" from 2008–2018. (*Id.* at 41). The Plaintiff alleges that the documents the Defendants filed in support of its foreclosure proceeding were inaccurate or forged. (*Id*. at 18, 20). The Plaintiff claims that the Defendants attached "symbols, markings and images belonging to government entities to give the appearance of validity and dependability" in violation of "8 U.S.C Chapter 25." (*Id.* at 41).

According to the Plaintiff, during her foreclosure proceedings from 2008–2018 Judge Boyer of the Allen County Superior Court, the Allen County Clerk of the Court, and the Indiana Court of Appeals developed a "conspiratorial relationship" with the other Defendants. (*Id.* at 29). The Plaintiff claims that Judge Boyer, the Allen County Clerk of the Court, and the Indiana Court of Appeals "willfully and knowingly schemed and conspired" with the other Defendants to deprive the Plaintiff of her property interest in violation of the Constitution. (*Id.* at 44). She states that Judge Boyer "turned a blind eye" to the Defendants' civil and criminal violations, which deprived the Plaintiff of meaningful access to the Superior Court. (*Id.* at 43). The Plaintiff alleges that Judge Boyer's conduct and rulings were prejudiced toward the Defendants and injured her.

On May 9, 2018, the Plaintiff, proceeding pro se, filed a complaint and a Motion for Leave to Proceed in Forma Pauperis [ECF Nos. 1, 2] in this Court, challenging these mortgage foreclosure proceedings. On May 14, 2018, the Court denied the Plaintiff's Motion and dismissed the Plaintiff's complaint without prejudice, as the Plaintiff's income disqualified her

3

from proceeding in Forma Pauperis [ECF No. 3]. On August 6, 2018, the Plaintiff filed an additional Motion for Leave to Proceed in Forma Pauperis [ECF No. 6], and a Motion to Permit Filing of Complaint [ECF No. 7]. The Court construed the Motion to Permit Filing of Complaint as a motion requesting an extension of time, and granted the request [ECF No. 8]. The Plaintiff filed her First Amended Complaint on September 7, 2018 [ECF No. 10]. On September 10, 2018, the Plaintiff filed a Motion to Amend the Amended Complaint and attached a Second Amended Complaint [ECF No. 11 at 1, 11-1]. The Plaintiff seeks relief from several entities, including Wells Fargo Bank, N.A., Option One Mortgage Corporation, Sand Canyon Corporation, American Home Mortgaging Inc., Judge Nancy Boyer of the Allen County Superior Court, the Allen County Clerk of the Court, and currently unidentified "John Does." (Pl.'s Second Am. Compl. at 4–8).

The Plaintiff filed the Second Amended Complaint without leave from the Court. A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only be leave of the court or by written consent of the adverse party. Fed R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* This right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F. 3d 715, 720 (7th Cir. 2002), but the Court finds that the Plaintiff's actions were not taken in bad faith. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). Accordingly, the Court reviewed the Plaintiff's Second Amended Complaint to conduct its analysis of the Plaintiff's Motion to Proceed in Forma Pauperis.

**DISCUSSION**

To authorize a litigant to proceed in Forma Pauperis, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*, § 1915(e)(2)(B). The Court finds that the Plaintiff's claims fail for lack of subject matter jurisdiction.

To determine whether a Plaintiff may proceed in Forma Pauperis, the Court must look to the sufficiency of the Complaint to determine whether it can be construed as stating a claim for which relief can be granted. 28 U.S.C § 1915(e)(2)(B)(ii). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction, it must proceed no further." *Ill v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

The Plaintiff seeks to challenge a mortgage foreclosure and a pending sheriff's sale litigated and ruled upon in Indiana state court. (Pl.'s Second Am. Compl. at 28). In her Second Amended Complaint, the Plaintiff alleges several causes of action against multiple entities, including violations of her First Amendment right to petition, her right to equal protection and due process under the Fourteenth Amendment, civil conspiracy under 42 U.S.C. § 1985, Civil RICO 42 U.S.C. §§ 1961-1966; IC 35-45-6-2); mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), Real Estate Settlement and Procedures Act 12 U.S.C § 2601, the Fair Debt Collections Practices Act 15 U.S.C. § 1602, Truth in Lending Act 15 U.S.C. § 1601, the Fair Debt Reporting Act, the Consumer Credit Protection Act, mail fraud (18 U.S.C. § 1341), and wire fraud (18 U.S.C. § 1343). The Plaintiff also requests "declaratory and injunctive relief"

against these same parties, including quiet title to her home, and that the Court file a temporary restraining order to stay a Sheriff's sale scheduled for October 2, 2018. (*Id.* at 54–56).

Only the Supreme Court of the United States may review the judgment of a state court in civil litigation. Claims that directly seek to set aside a state-court judgment are *de facto* appeals and trigger the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (YEAR); *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine is jurisdictional in nature, and thus it may be raised at any time by the court. *See 4901 Corp. v. Town of Cicero,* 220 F.3d 522, 527 (7th Cir. 2000).

The *Rooker-Feldman* doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state-court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker-Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." (*Id.*) (quoting *Taylor*, 374 F.3d at 533). If the suit does not seek to vacate the judgment of the state court and instead seeks damages for

6

independently unlawful conduct, it is not barred by *Rooker-Feldman*. *See Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014). Here, because the Plaintiff asks the Court to overturn the state-court's judgment, "an action [it] ha[s] no jurisdiction to take," *Mains v. Citibank, N.A.,* 852 F.3d 669, 674–75 (7th Cir. 2017), *Rooker-Feldman* bars all of the Plaintiff's claims.

The Plaintiff's requests that the Court declare the foreclosure void, and enjoin the scheduled Sheriff's sale (*see* Pl. Second Am. Compl. at 57) are requests to directly review the state-court judgment, and thus fall squarely under the *Rooker-Feldman* doctrine. The Plaintiff's only injury is the mortgage foreclosure, which the state court ordered. (*Id*. at 28). The Court accordingly cannot consider Plaintiff's requests for declaratory and injunctive relief because it lacks jurisdiction to do so.

The Plaintiff also makes a single reference to the Real Estate Settlement and Procedures Act 12 U.S.C. § 2601, the Fair Debt Collections Practices Act 15 U.S.C. § 1602, Truth in Lending Act 15 U.S.C. § 1601, the Fair Debt Reporting Act, and the Consumer Credit Protection Act. However, these claims also fail under *Rooker-Feldman* as the Plaintiff fails to allege any harm beyond the mortgage foreclosure itself. Therefore, the Court lacks jurisdiction to address these claims.

The *Rooker-Feldman* doctrine also bars the Plaintiff's claims under the First and Fourteenth Amendments, civil conspiracy under 42 U.S.C. § 1985, Civil RICO 42 U.S.C. §§ 1961-1966, IC §35-45-6-2, mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and obstruction of justice and conspiracy (U.S.C. §§ 1985-1986) because they are inextricably intertwined with the state-court's order of foreclosure. "To determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the actual injury

7

claimed by the plaintiff." *Johnson v. Orr,* 551 F.3d 564, 568 (7th Cir. 2008). The Plaintiff's claims fail to allege any injuries unrelated to the mortgage foreclosure. As such, these claims are inextricably intertwined with a state-court judgment and this Court is without jurisdiction.

The Plaintiff alleges that the Defendants violated her First Amendment right to petition and her right to equal protection under the Fourteenth Amendment (Pl.'s Second Am. Compl. at 46–49). Specifically, the Plaintiff states that she was prevented "from having the chance to express herself verbally and in writing to seek redress against its violation of her rights. . ." (*Id*. at 46). The Plaintiff also alleges that Judge Boyer and the Defendants "conspired together under color of law to deliberately violate the Plaintiff's First Amendment right to seek redress before the government." The Plaintiff claims that in several instances she was unable to explain herself during the course of litigation. (*Id.* at 21, 28). The Plaintiff claims that, at a hearing in 2011, "Judge Boyer angrily stopped her from speaking telling her to only answer Yes or No." (*Id.* at 21). The Plaintiff claims that in 2018, Judge Boyer addressed her with a "piercing and angry" tone such that "much that she needed to say remained unsaid because it was clear that Judge Boyer had already made up her mind . . ." (*Id.* at 28).

The Court construes the Plaintiff's Fourth Amendment claims as an alleged seizure of property under the Fourteenth Amendment. The Fourth Amendment protections against unreasonable search and seizures were extended to the states through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 654 (1961); *see also Contreras v. City of Chi.,* (7th Cir. 1997). The Plaintiff's Complaint focuses on the alleged seizure of her property and her Fourth Amendment claim is merely incidental and a vehicle for her Fourteenth Amendment claim. The Plaintiff's Fourteenth Amendment claim alleges that Judge Boyer "engaged in concerted action under color of law to prevent due process" to cause the Plaintiff's deprivation

under the Fourteenth Amendment. (*Id*. at 48). The Plaintiff claims that the Defendants, including Judge Boyer, "deprived" and "obstructed" her from a "meaningful hearing before seizure of her home" (*Id*. at 49).

"A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [a] complaint in the form of a federal civil rights action." *Maples Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). Additionally, "[t]he reason a litigant gives for contesting the state-court's decision cannot endow a federal district court with authority. . ." *Iqbal v. Patel*, 780 F.3d 728, 730–731 (7th Cir. 2015). The Plaintiff's alleged injuries under the First and Fourteenth Amendment result from state-court rulings that limited the Plaintiff's opportunity to speak during the course of the litigation of the mortgage foreclosure. Thus, these alleged constitutional injuries flow from the state court's orders and rulings regarding the mortgage foreclosure. Reviewing these orders to consider whether they violated the Plaintiff's constitutional rights is barred by the *Rooker-Feldman* doctrine. "[C]onstitutional claims that are 'inextricably intertwined' with the state-court judgments of necessity call upon the district court to review the state-court decision and are thus beyond the district court's jurisdiction." *Edwards v. Ill. Bd. Of Admissions to Bar*, 261 F.3d 723 (7th Cir. 2001) (citing *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996)).

The Plaintiff's claims of civil conspiracy under 42 U.S.C. § 1985, Civil RICO 42 U.S.C. § 1961–1966, IC § 35-45-6-2, and obstruction of justice and conspiracy (U.S.C. §§ 1985-1986), in which the Plaintiff alleges that Judge Boyer and state-court actors conspired with the other Defendants, are also barred under *Rooker-Feldman*. As evidence of conspiracy, the Plaintiff claims that the state court exhibited "unfair and biased treatment" and that the court turned a "blind eye" to the Defendants' conduct when it ruled against her. (*Id.* at 27). However, A plaintiff cannot overcome *Rooker-Feldman* merely by incanting the word "conspiracy," but must

claim that the defendants "so far succeeded in corrupting the state judicial process to obtain a favorable judgment." *Loubser v. Thacker*, 440 F.3d 439, 441 (7th Cir. 2006) (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). Judges may "side" with one side in litigation when ruling against the other, but this is not indicative of corruption or conspiracy as it is a byproduct of the judicial process. *In re Golant,* 239 F.3d 931, 938 (7th Cir. 2001) (explaining that adverse rulings alone are insufficient to show judicial bias); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); *Pearce v. Sullivan,* 871 F.2d 61, 63 (7th Cir. 1989). The sole basis for the Plaintiff's conspiracy reaches no further than the state court's adverse rulings – not from a dishonest judicial proceeding. *Frierson-Harris v. Kall*, 198 F. App'x 529, 530 (7th Cir. 2006) (noting that such complaints are allegations of adverse rulings, not of any corruption that produced them). As such, the Plaintiff's claims are inextricably intertwined with the state-court judgment and this Court lacks jurisdiction.

The Plaintiff's claims of civil conspiracy to commit mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343), are also barred by *Rooker-Feldman.* The Plaintiff alleges that she presented evidence of mail and wire fraud during the state court mortgage foreclosure proceedings. (Pl.'s Second Am. Compl. at 26–28). As with the Plaintiff's constitutional claims, the Court understands that the Plaintiff's claims stem from the state court's rulings that were adverse to the Plaintiff. Although the state court may not have ruled in the Plaintiff's favor regarding these claims, it still considered them and ruled. Accordingly, this Court lacks jurisdiction to consider these claims under *Rooker-Feldman*.

Finally, the Court "must then determine whether the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Taylor*, 374 F.3d at 533–34 (internal quotation marks omitted). In the context of *Rooker-Feldman*, "factors independent of the actions

of the opposing parties" may preclude a reasonable opportunity and claims are not barred if the state court imposed an insurmountable obstacle to adjudication or if a state law prevented the plaintiff from raising it in state court. *See Brokaw v. Weaver*, 305 F.3d 660, 667–68 (7th Cir. 2002) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999)). The Plaintiff has not alleged such barriers in her case. The Plaintiff does cite various instances in which she did not succeed in state court, such as when Judge Boyer ruled on motions without oral argument, or when the Court of Appeals declined to consider her appeal due to her failure to pay filing fees (Pl.'s Second Am. Compl., at 21–22, 24, 27–28), however, she does not allege that she was barred from raising her claims. Instead, the Plaintiff claims that she did not argue certain points because "it was clear that Judge Boyer had already made up her mind…" *Id.* at 27. The state court did not bar the Plaintiff's claims. Rather, the Plaintiff presumed Judge Boyer's mental state and failed to advance her own claims. Furthermore, an adverse ruling in a state action does not, by itself, indicate that there was an insurmountable objection to adjudication. The Plaintiff is simply a state-court loser over whose claims this Court lacks jurisdiction. *Exxon Mobil Corp.*, 544 U.S. at 284. The Plaintiff had the opportunity to raise these issues in her mortgage foreclosure proceedings and lost. This Court may not review the outcome of that opportunity.

"The plaintiff has the obligation to establish jurisdiction by competent proof." *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999) (citing *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998)). All of the Plaintiff's claims would require the Court to review the state court order causing her only injury: the judgment of foreclosure. She has not demonstrated that any of her alleged injuries are distinct from state court judgments or that any barriers prevented the state court from considering her claims. Consequently, the *Rooker-Feldman* doctrine deprives this Court of subject matter

11

jurisdiction and the Plaintiff's Complaint should be DISMSSED FOR LACK OF SUBJECT MATTER JURISDICTION.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Amend the Complaint [ECF No. 11] is MOOT, the Plaintiff's Motion to Proceed in Forma Pauperis [ECF No. 6] is DENIED, and the case is DISMISSED for LACK OF SUBJECT MATTER JURISDICTION.

SO ORDERED on September 25, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT