UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 1:18-CV-125-TLS |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A., and JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's, Joy Jones, Motion to Correct Error [ECF No. 16] and Amended Motion to Correct Error [ECF No. 17]. The Court construes these as Motions for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1)-(3). For the foregoing reasons, the Court DENIES the Plaintiff's Motions for Reconsideration.

**BACKGROUND**

The Plaintiff filed a complaint, pro se, on May 9, 2018 [ECF No. 1], along with a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2], seeking to challenge a mortgage foreclosure and a pending sheriff's sale litigated and ruled upon in Indiana state court. On May 14, 2018, the Court denied the Plaintiff's Motion for Leave to Proceed in Forma Pauperis and dismissed the Plaintiff's Complaint [ECF No. 3]. On August 6, 2018, the Plaintiff filed a second Motion for Leave to Proceed in Forma Pauperis [ECF No. 6]. On September 7, 2018, the Plaintiff filed an Amended Complaint [ECF No. 10]. On September 10, 2018, the Plaintiff filed a Motion to Amend the Amended Complaint and attached a Second Amended Complaint [ECF No. 11 at 1, 11-1]. On September 25, 2018, the Court denied the Plaintiff's Motion for Leave to

Proceed in Forma Pauperis and dismissed the Plaintiff's Amended Complaint for lack of subject matter jurisdiction [Op. and Order, ECF No. 12]. On September 25, 2018, the Plaintiff filed a Motion for an Emergency Stay and requested that the Court grant an injunction staying a state court's order of foreclosure [ECF No. 14]. The Court denied the Plaintiff's motion on September 28 as no basis existed to reopen her case [Op. and Order, ECF No. 15].

On October 29, 2018, the Plaintiff filed a Motion to Correct Error [ECF No. 16]. On November 6, 2018, the Plaintiff filed an Amended Motion to Correct Error [ECF No. 17]. The Plaintiff claims that the Court erred in dismissing her Second Amended Complaint for lack of subject matter jurisdiction. (Pl.'s Mot. to Correct Error at 2.) The Plaintiff alleges that her claims were not barred by the *Rooker-Feldman* doctrine, *id.,* at 2, which states that lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The Plaintiff contends that she suffered damages that were separate and distinct from her mortgage foreclosure proceedings litigated in state court and the Court erred in its application of the *Rooker-Feldman* doctrine. (Pl.'s Mot. to Correct Error at 2–3.)

## ANALYSIS

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Plaintiff filed both her First and her Second Motion to Correct Error, which the Court understands as Motions for Reconsideration, several days past the 28-day deadline. The Seventh Circuit has established a bright-line rule that "any motion for reconsideration filed after the deadline must be construed as a motion to vacate." *Williams v.*

*Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) (internal citations omitted). When a motion otherwise appropriate for consideration under Rule 59(e) is not timely filed, it "automatically becomes a Rule 60(b) motion." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (quoting *Talano v. Nw. Med. Faculty Found. Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). This is the case even for pro se litigants. *See, e.g.*, *3SM Realty & Dev., Inc. v. F.D.I.C.*, 393 F. App'x 381, 383 (7th Cir. 2010) ("In any event, Mehta's status as a pro se litigant does not excuse his failure to meet the mandatory deadline for filing a Rule 59(e) motion"); *Perdue v. Carlos*, No. 2:10 CV 35, 2011 WL 2446565, at *1 (N.D. Ind. June 17, 2011) (noting a pro se plaintiff's filing pursuant to Rule 59(e) that was three days late must be construed as a Rule 60(b) motion). Accordingly, the Court must consider the Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60 governs motions for reconsideration. Pursuant to Rule 60(b):

> [T]he [C]ourt may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

3

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Plaintiff premises her Motion to Correct Error [ECF No. 16] and Amended Motion to Correct Error [ECF No. 17] on the theory that the Court committed legal error. Specifically, the Plaintiff argues that the Court erred in dismissing her Complaint because not all her claims were subject to dismissal pursuant to the *Rooker-Feldman* doctrine. (Pl.'s Mot. to Correct Error at 2–3, 6–9.) The Plaintiff's motions enumerate supposed errors in the Court's application of the *Rooker-Feldman* doctrine to the Plaintiff's Second Amended Complaint. The Court, however, addressed these same claims in its Opinion and Order dismissing the case for lack of subject matter jurisdiction [ECF No. 12]. As the Court explained, the Plaintiff's claims stem from state court rulings that were adverse to the Plaintiff (Op. and Order at 9–10, ECF No. 12);the Plaintiff had an opportunity to raise her claims in state court; and she was thus subject to the *Rooker-Feldman* doctrine. (*Id.*, at 11.)

Therefore, a motion for reconsideration is not an appropriate vehicle for the Plaintiff's arguments as "legal error is not an acceptable basis for such a motion." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). "An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors, otherwise a party could circumvent the ordinary time limitation for filing a notice of appeal." *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 F. App'x 382, 385 (7th Cir. 2002) (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (internal quotations omitted). Further, any of the Plaintiff's arguments that could be construed as distinct from her previous claims are untimely. A rule 60(b) motion

"is not an appropriate place to slip in arguments that should have been made earlier." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (other internal citations omitted). The Plaintiff has not met any of the requirements of Rule 60 and the Court will not reconsider its Opinion and Order dismissing her Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Reconsideration [ECF No. 17] is DENIED.

SO ORDERED on December 3, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT